O. C. SKINNER, *Administrator*, v. J. M. HARRINGTON.
**No. 287.**

HUSBAND AND WIFE—*property interests kept separate by, husband paying wife's note indorsed to him has valid claim against wife's estate.* Where a husband and wife had separate property and kept their business matters distinct, and the husband, at the request of the wife and upon her promise to settle with him therefor, paid off a note given by the wife, and the note was indored in blank and delivered to the husband, *held*, that the note in the hands of the husband was a proper charge against the estate of the wife after her death.

Error from Shawnee District Court. Hon. Z. T. Hazen, Judge. Opinion filed December 18, 1897. *Affirmed*.

*Vance & Campbell*, for plaintiff in error.

*E. N. Gunn* and *C. A. Starbird*, for defendant in error.

WELLS, J. In 1874, J. M. Harrington married Nancy R. Converse, a widow, without children, but with considerable separate property, included in which was 160 acres of land in Shawnee County, Kansas, which was occupied by them as a home for several years prior to her death, which occurred in February, 1885. While they lived together as husband and wife, their business interests were kept separate and distinct, each dealing with the other the same as with strangers. He rented the farm of her and paid her rent; and they settled their business matters between themselves as people not husband and wife usually do. After Mrs. Harrington's death, Mr. Harrington presented an account against her estate for certain items of cash he had paid out for her. This claim was disallowed by the Probate Court, and an appeal

taken to the District Court, where, upon trial, the
court rendered judgment for $350.55 for the plaintiff
and against the estate.   The case was brought here
upon a petition in error by the administrator to re-
verse said judgment.

While the record does not show upon which of the
items of defendant in error's claim this judgment was
given, the plaintiff in error asserts in his brief that it
was upon the "Kennedy & Stone note," and assum-
ing this to be true we will examine the transaction
connected therewith.   On March 18, 1882, Mrs. Har-
rington bought of Kennedy & Stone a buggy for which
she gave her sale note for $171.66, payable on or be-
fore January 1, 1883, with interest at ten per cent.
per annum from maturity until paid.   When this note
became due, Mrs. Harrington did not have the money
to pay it and her husband gave Kennedy & Stone the
amount due on it, and they indorsed it in blank and
gave it to him and he held it until this trial.   The evi-
dence shows that this was done at her request and upon
her promise to pay the note to him.   We do not see
how a claim can be better established than this.   None
of the errors alleged by the plaintiff in error, if they
are errors at all, are sufficient to authorize a reversal
of this case.

The judgment of the court below will be affirmed.